IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**IRIS JUCHEM**                                                                                  **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO:** 4:20-CV-019-MPM-JMV

**FARMERS GRAIN TERMINAL, INC.**                                  **DEFENDANT**

                                                                                  **JURY TRIAL DEMANDED**

## COMPLAINT

**COMES NOW**, Iris Juchem ("Juchem"), by and through counsel, and files this Complaint against Farmers Grain Terminal, Inc. Plaintiff would respectfully show unto the Court as follows:

1. Plaintiff, Iris Juchem, is an adult resident citizen of Hazelton, Iowa. Plaintiff was, at the times relevant to this action, a resident of Mississippi.

2. Defendant Farmers Grain Terminal, Inc. is a corporation registered to do business and doing business within the State of Mississippi. Farmers Grain Terminal, Inc. may be served with process by service upon its registered agent for service of process, Steve Nails at 1977 Harbor Front Industrial Park, Greenville, MS 38702.

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331, for a cause of action arising under the Americans with Disability Act, 42 U.S.C. § 12101, *et seq*.

4. Plaintiff Iris Juchem was hired by Defendant in July 2007 as a "weigher-grader." Juchem worked in Defendant's facility in Greenville, Mississippi.

5. Juchem worked in the scale room, which involved mainly computer and desk work. The essential functions of Juchem's job duties were mainly sedentary.

6. On July 20, 2015 Juchem had back surgery. Juchem took a leave of absence to have the surgery and for rehabilitation. After the surgery, Juchem was released by her physicians to go back to work on August 11, 2015.

7. Juchem returned to work on August 11, 2015. After her return to work Juchem was able to perform the essential functions of her job.

8. Defendant falsely claimed that Juchem was not able to perform the essential functions of her job. Defendant required Juchem to provide additional releases from her physicians stating that she was able to do her job. Juchem dutifully provided the releases.

9. Juchem was released to return to work without restriction. However, Defendant refused to allow Juchem to return to work.

10. Defendant terminated Plaintiff on September 16, 2015.

11. Juchem was fully capable of performing all of the essential functions of her position. Juchem was disabled within the meaning of the Americans with Disabilities Act. Alternatively, Defendant regarded Juchem as being disabled within the meaning of the Americans with Disabilities Act. Alternatively, Defendant discriminated against Juchem because Juchem had a record of being disabled within the meaning of the Americans with Disabilities Act.

12. Juchem was discharged because of her disability within the meaning of the Americans with Disabilities Act.

13. Defendants failed to provide a reasonable accommodation pursuant to the Americans with Disabilities Act.

14. Juchem filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and correct copy of the Charge of Discrimination is attached hereto as Exhibit "A." The EEOC investigated Juchem's claim and issued a Determination

finding that Defendant violated the ADA. A true and correct copy of the Determination is attached hereto as Exhibit "B"

15. Juchem subsequently received a right to sue from the EEOC. A true and correct copy of Plaintiff's right to sue letter is attached hereto as Exhibit "C."

16. Defendant is liable for violation of the Americans with Disabilities Act Amendments Act.

17. Plaintiff has sustained lost wages as a result of her termination. Plaintiff has also suffered mental anxiety and emotional distress.

18. Plaintiff is entitled to compensatory damages in an amount to be determined by a jury. Plaintiff is entitled to her reasonable attorneys' fees and to reinstatement, or alternatively, to front pay.

19. Defendant's disability discrimination was egregious such that Plaintiff should be awarded punitive damages. Defendant's actions were undertaken with malice and in reckless indifference to Plaintiff's rights under the Americans with Disabilities Act.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant for compensatory damages and punitive damages in an amount to be determined by a jury, for reasonable attorneys' fees and for reinstatement, or alternatively, front pay. Plaintiff further demands such other and more general relief to which she is entitled.

**RESPECTFULLY SUBMITTED**, this the 3d day of February, 2020.

               M<small>C</small>L<small>AUGHLIN</small> L<small>AW</small> F<small>IRM</small>

        By:  /s/ R. Shane McLaughlin
            R. Shane McLaughlin (Miss. Bar No. 101185)
            338 North Spring Street Suite 2
            P.O. Box 200
            Tupelo, Mississippi 38802
            Telephone: (662) 840-5042
            Facsimile: (662) 840-5043
            rsm@mclaughlinlawfirm.com

            **A<small>TTORNEY FOR</small> P<small>LAINTIFF</small>**